UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT A. FREDERICK,            )
                                )
        Plaintiff,              )
                                )
    vs.                         )   Case No.: 2:11-cv-00522-GMN-CWH
                                )
FEDERAL NATIONAL MORTGAGE       )   **ORDER**
ASSOCIATION, et al.,            )
                                )
        Defendants.             )
_____)

This is a foreclosure case initiated by pro se Plaintiff Robert A. Frederick in state court, against Defendants Federal National Mortgage Association ("Fannie Mae"), Cal-Western Reconveyance Corp. ("Cal-Western"), Aurora Loan Servicing, LLC ("Aurora"), Centex Mortgage Services ("Centex"), MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. (MERS), and Shalom Rubanowitz, an individual.

Pending before the Court is the Motion to Dismiss (ECF No. 8) filed by Defendants Fannie Mae and Aurora (collectively "Moving Defendants"), along with their Request for Judicial Notice (ECF No. 9). Plaintiff filed a Response (ECF No. 13) and Moving Defendants filed a Reply (ECF No. 14) that was corrected and re-filed (ECF No. 15) the same day.

I.   **BACKGROUND**

Plaintiff's Complaint alleged thirteen (13) causes of action relating to the mortgage and foreclosure proceedings instituted against his property located at 5713 Earthsong Street, Las Vegas, Nevada, 89081, APN# 124-25-812-028 ("the property"): (1) Violations of Unfair Lending Practices – NRS 598(D); (2) Deceptive Trade Practices – all named Defendants; (3) Wrongful Foreclosure; (4) Conspiracy to Commit Fraud and Conversion; (5) Conspiracy to Commit Fraud Related to MERS System; (6) Inspection and Accounting; (7) Unjust Enrichment; (8) Quiet Title

– all named Defendants; (9) Breach of Good Faith and Fair Dealing; (10) Wrongful Filing of Unlawful Detainer [mislabeled as "Ninth Cause of Action"]; (11) Injunctive Relief; (12) Declaratory Relief; (13) Rescission. (ECF No. 1-3.)

The Complaint appears to be a form complaint that has come before this Court in other cases.[1]  The thirteen causes of action in the body of the Complaint do not distinguish which actions are attributed to each Defendant, nor does the Complaint allege specific facts supporting each cause of action.  The Complaint also includes allegations that Bank of America violated truth in lending laws, although Bank of America is not a party to this litigation. (*See* Compl., 23:¶132.)

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

---

[1] *See, e.g.*, *Lee v. BAC Home Loans Servicing, LP*, No. 2:11-cv-1583-JCM-PAL, 2011 WL 5827202, 2011 U.S. Dist. LEXIS 133697 (D. Nev. Nov. 18, 2011).

is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to

amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.  DISCUSSION

The Court takes judicial notice of the documents submitted by Moving Defendants (ECF No. 9) and makes the following findings: (1) the allegations in the Complaint are merely conclusory, unwarranted deductions of fact, or unreasonable inferences; (2) Plaintiff has failed to plead facts showing that violations are plausible, not just possible; (3) even taking all material allegations as true and construing them in the light most favorable to the Plaintiff, the Complaint does not give Defendants fair notice of a legally cognizable claim and the grounds on which it rests. Therefore, the Complaint will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Because Plaintiff is representing himself pro se, the Court construes his pleadings with leniency. As discussed below, the Court will grant Plaintiff leave to amend the following causes of action.

### (1) Violations of Unfair Lending Practices – NRS 598(D)

Plaintiff obtained the instant loan on April 18, 2005. At the time of this loan, it was an unfair lending practice to approve a loan without considering a borrower's ability to repay, pursuant to NRS 598D. The statute of limitations for claims alleging a violation of the unfair lending practices act is three years. *See* NRS 11.190(3)(a) (creating a three-year statutory period for claims premised on a violation of a statute). Therefore, this cause of action accrued in 2005, when the loan was finalized. Plaintiff does not allege facts supporting tolling of the statute of

limitations.  If Plaintiff can do so, the Court will grant him leave to amend his Complaint to reflect those allegations.

**(2)  Deceptive Trade Practices. – all named Defendants**

Plaintiff's second cause of action alleges deceptive trade practices pursuant to NRS 598.0915 and 598.0923. (Compl., 10:¶36).  Subsection 598.0915 makes knowingly making any false representation in a transaction a deceptive trade practice.  Here, Plaintiff alleges that "Defendants did not furnish Plaintiff the correct Notice of Servicing that the loan may be assigned, sold, or transferred to any other person in violation of 12 U.S.C. 2605(a)." (Compl. 10:¶39).  This claim is barred by the applicable statute of limitations for a claim under the Deceptive Trade Practices Act, which is four years. NRS 11.190(2)(d).  Again, Plaintiff's claim arises from the origination of the loan in 2005, and the instant action was filed in 2011, more than four years later.

Subsection 598.0923 does not apply to this case: (1) Plaintiff has not alleged, under subsection one, that any Defendant has been conducting its business without a required license; (2) subsections two and three apply to the sale or lease of goods or services; (3) Plaintiff has not alleged that any Defendant, under subsection four, has used coercion, duress or intimidation in a transaction; and (4) no Defendant was the seller in a land sale installment contract under subsection five.

Moreover, courts have recognized that the Deceptive Trade Practices act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 ... applies only to goods and services and not to real estate loan transactions."; *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v.*

*GreenPoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM, 2011 WL 2923949, (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure").

Accordingly, Plaintiff's second cause of action is dismissed.

**(3) Wrongful Foreclosure**

Under Nevada law, "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). In order to state a claim for wrongful foreclosure, Plaintiff must allege that he had not breached any condition of the loan that would have authorized the foreclosure or exercise of the power of sale. Plaintiff did not do so. Accordingly, Plaintiff's third cause of action is dismissed.

**(4) Conspiracy to Commit Fraud and Conversion; and**

**(5) Conspiracy to Commit Fraud Related to MERS System**

To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev.2001). Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *Ness v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiff makes conclusory allegations of fraud and fails to individualize the Defendants' conduct. For example, Plaintiff alleges that Defendants "did willfully and knowing[ly] conspire and agree among themselves to engage in a conspiracy to promote, encourage, facilitate and actively engage in fraudulent and predatory lending practices." (Compl. 13:¶64.) The Complaint alleges that MERS was created as a fraudulent venture to take advantage of unwitting borrowers and that the defendants "acted as creators for the conspiracy."

(Compl. ¶ 72-73.)  Such general and vague allegations are not sufficient to meet the heightened pleading standard of Rule 9(b).  Accordingly, the fourth and fifth causes of action are dismissed as to all Defendants.  If Plaintiff can amend these allegations of fraud with the required specificity, he is given leave to do so.

### (6) Inspection and Accounting

An action for inspection and accounting will prevail only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells Fargo*, 2010 WL 4102943 (D. Nev. 2010).  Absent special circumstances, no such relationship exists between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007).

Plaintiff alleges that "[d]ue to the unfair and deceptive nature of the Plaintiff's loan transaction, the defendants were paid excessive interest and fees . . . . Therefore proper discovery and accounting will reveal the 'true realized' status of the account as stated." (Compl. 16:¶80.)  However, Plaintiff has failed to allege any special circumstances that would create the requisite fiduciary relationship between himself as the borrower, and one or more Defendants as a lender. *See McCurdy*, 2010 WL 4102943 (dismissing an action for inspection and accounting where plaintiff failed to allege the requisite relationship of trust).  Accordingly, the sixth cause of action is dismissed as to all Defendants.

### (7) Unjust Enrichment

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or

should pay for]." *Id*.

Plaintiff's Complaint admits that he entered into an express contract when he executed the deed of trust and note. (Compl. 4:¶2.) Accordingly, his cause of action for unjust enrichment must fail.

**(8) Quiet Title – all named Defendants**

In Nevada, a quiet title action may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P. 2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2-11-cv-00084, 2011 WL 4574338 at *3 (D. Nev. Sep. 30, 2011) (citing *Ferguson v. Avelo Mortg., LLC*, No. B223447, 2011 WL 2139143 at *2 (Cal. App. 2d June 1, 2011). Plaintiff has failed to allege that he is not in breach of the loan agreement. Accordingly, his eighth cause of action is dismissed.

**(9) Breach of Good Faith and Fair Dealing**

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiff must allege: (1) Plaintiff and Defendants were parties to an agreement; (2) Defendants owed a duty of good faith to the Plaintiff; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consolidated Generator–Nevada v. Cummins Engine*, 917 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994). The covenant of good faith and fair dealing "only applies after

a binding contract is formed." *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994).

Plaintiff alleges that Defendants breached the duty in two ways. First, Plaintiff contends that by failing to pay equal consideration to Plaintiff's financial interests, Defendants acted in bad faith. Second, Plaintiff argues that Defendants refused to negotiate with Plaintiff in good faith after plaintiff requested payment assistance under the Home Affordable Modification Program ("HAMP").

Plaintiff's first contention must fail because it is established that lenders owe no fiduciary obligations to borrowers absent exceptional circumstances. *See Kwok v. CR Title Co.*, No. 2:09-cv-2298 (D. Nev. June 23, 2010). No exceptional circumstances or special relationship was alleged here.

Plaintiff's second allegation regarding the covenant of good faith and fair dealing alleges that Defendants failed to meet their obligations under the federal HAMP program, and that the failure constitutes a breach of the covenant of good faith and fair dealing. (Compl. 19:¶¶99-101.) However, even if Plaintiff has a private right of action under HAMP, Plaintiff has failed to allege any conduct by Defendants which deliberately contravened the intention and spirit of any agreement between them. Accordingly, Plaintiff's ninth cause of action is dismissed as to all Defendants.

**(10) Wrongful Filing of Unlawful Detainer [mislabeled as "Ninth Cause of Action"]**

Wrongful filing of an unlawful detainer is not a tort recognized as a cause of action in Nevada. *Goodwin v. Executive Trustee Services, LLC*, 2010 WL 5056192, at *4 (D. Nev. 2010). Accordingly, Plaintiff's tenth cause of action is dismissed.

**(11) Injunctive Relief; (12) Declaratory Relief; and (13) Rescission**

Plaintiff's eleventh, twelfth and thirteenth causes of action are not recognized as causes of action in Nevada. Injunctive relief, declaratory relief, and rescission are remedies, not claims.

Accordingly, these "causes of action" are dismissed.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to amend his Complaint consistent with this order **by May 14, 2012**.

**DATED** this 18th day of April, 2012.

_____
Gloria M. Navarro
United States District Judge