**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT A. FREDERICK,             )<br>                                                         )<br>            Plaintiff,               )<br>      vs.                                         )<br>                                                         )<br>FEDERAL NATIONAL MORTGAGE  )<br>ASSOCIATION, et al.,              )<br>                                                         )<br>            Defendants.            )<br>_____ ) | Case No.: 2:11-cv-00522-GMN-PAL<br><br>**ORDER** |

This is a foreclosure case filed by *pro se* Plaintiff Robert A. Frederick, against Defendants Federal National Mortgage Association ("Fannie Mae"), Cal-Western Reconveyance Corp. ("Cal-Western"), Aurora Loan Servicing, LLC ("Aurora"), Centex Mortgage Services ("Centex"), MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. (MERS), and Shalom Rubanowitz, an individual.

On April 18, 2012, the Court entered its Order (ECF No. 18) granting Defendants' Motion to Dismiss (ECF No. 8), and giving Plaintiff leave to amend his Complaint consistent with the Court's Order by May 14, 2012. Pending before the Court is Plaintiff's Motion for Enlargement of Time to File First Amended Complaint (ECF No. 19), which was filed on May 8, 2012.

In the Court's Order, Plaintiff was given leave to amend his Complaint solely as to three causes of action alleged in his Complaint: (1) Violations of Unfair Lending Practices – NRS 598(D); (2) Conspiracy to Commit Fraud and Conversion; and (3) Conspiracy to Commit Fraud Related to the MERS System. Plaintiff was given leave to amend the first cause of action to the extent that he might allege facts supporting tolling of the statute of limitations. Plaintiff was given leave to amend the second and third causes of action to the extent that he might allege fraud with the specificity required by Federal Rule of Civil Procedure 9(b).

In the instant motion, Plaintiff requests ninety (90) additional days, at minimum, to amend his complaint. Plaintiff states that the extension is necessary "due to new facts in evidence and the need to compile all new documents." Plaintiff does not state the nature of the "new facts in evidence" or the "new documents," nor does he explain how these facts and documents are necessary to amend his complaint.

The Court finds that Plaintiff's stated reasons for an enlargement of time do not provide sufficient basis for a 90-day extension. However, because Plaintiff filed the instant motion in a timely manner and provided some explanation of the basis for his request, the Court finds that good cause exists for a brief extension of the deadline.

Accordingly, the deadline for Plaintiff to file his first amended complaint will not be extended for ninety (90) days, as requested. However, Plaintiff's request for enlargement of time will be granted, and Plaintiff will be given leave to file his first amended complaint by **June 1, 2012**.

**IT IS HEREBY ORDERED** that the Motion for Enlargement of Time to File First Amended Complaint (ECF No. 19) is **GRANTED in part and DENIED in part**. Plaintiff is given leave to amend his Complaint by **June 1, 2012.**

**DATED** this 9th day of May, 2012.

_____
Gloria M. Navarro
United States District Judge