UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Frederick,                                      )<br>                                                              )<br>                      Plaintiff,              )<br>      vs.                                                 )<br>                                                              )<br>Federal National Mortgage Association, *et al*.,  )<br>                                                              )<br>                      Defendants.         )<br>                                                              ) | Case No.: 2:11-cv-00522-GMN-CWH<br><br>**ORDER** |

Before the Court is *pro se* Plaintiff Robert Frederick's "Motion for Issuance of an Emergency Temporary Restraining Order to Stay the Repossion [sic] of Real Property; and Imposition of Permanent Injunctive Relief Barring the Repossion [sic] of the Real Property by Defendants." (ECF Nos. 37, 38.)  Defendants Federal National Mortgage Association ("Fannie Mae") and Aurora Loan Services, LLC, ("Aurora") (collectively, "Moving Defendants") have filed an Opposition (ECF No. 39).  Also before the Court is Plaintiff's "Motion for Enlargement of Time" (ECF No. 40) requesting an extension of time to reply to Moving Defendants' Opposition.

**I.     BACKGROUND**

On April 18, 2012, the Court granted Moving Defendants' Motion to Dismiss and gave Plaintiff leave to file an amended complaint by May 14, 2012. (Order, ECF No. 18.)  Plaintiff later filed a motion requesting enlargement of time to file first amended complaint (ECF No. 21), and the Court granted the motion, giving Plaintiff leave to file his amended complaint by August 3, 2012. (ECF No. 22.)  Plaintiff filed an Amended Complaint (ECF No. 23) on August 3, 2012, to which Defendants MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc. filed an Answer (ECF No. 25) on August 20, 2012.  On September 26, 2012,

Plaintiff filed a Motion for Entry of Clerk's Default (ECF No. 26) as to Moving Defendants and Defendants Cal-Western Reconveyance Corp., and Centex Mortgage Services, which was subsequently entered by the Clerk (ECF No. 28).  After Plaintiff filed a Motion for Default Judgment (ECF No. 29), Moving Defendant then filed a Motion to Set Aside Clerk's Entry of Default (ECF No. 31), to which Plaintiff's opposition is due December 3, 2012 (ECF No. 36).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001).  Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of

an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

### III. **DISCUSSION**

Here, Plaintiff's request for temporary restraining order, filed on October 29, 2012, fails to include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Plaintiff submits copies of documents purportedly from North Las Vegas Justice Court and states that an eviction order is included, but the only documents attached appear to be a Notice to Appear and an Order to Show Cause scheduling a hearing on October 15, 2012. In subsequent filings, Plaintiff represents that he and his family were evicted on November 7, 2012. (*See* Mot. for Enlargement of Time, ECF Nos. 40, 41.) These facts require the Court to deny Plaintiff's request for a temporary restraining order, both for failure to satisfy his burden to establish a likelihood of irreparable harm in the absence of preliminary relief, and for apparent mootness.

Furthermore, Plaintiff has failed to satisfy his burden to establish a likelihood of success on the merits, or serious questions going to the merits. Therefore, the Court cannot grant Plaintiff's request for injunctive relief. Additionally, Plaintiff's request for injunctive relief also appears to be rendered moot based on his representations to the Court as to his family's eviction.

Plaintiff's "Motion for Enlargement of Time" (ECF No. 40) requesting additional time to reply to Defendants' Opposition is unnecessary and moot, since the Court must deny Plaintiff's requests for injunction even before considering or relying upon Defendants' Opposition. Accordingly, this motion for enlargement of time will be denied, as well.

Plaintiff is permitted to re-file a Motion for Preliminary Injunction if he can show that such a request is not rendered moot by his eviction, and if he is able to satisfy the requirements

of Federal Rule of Civil Procedure 65 and *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ((1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest) or *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) ("'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Issuance of an Emergency Temporary Restraining Order to Stay the Repossion [sic] of Real Property; and Imposition of Permanent Injunctive Relief Barring the Repossion [sic] of the Real Property by Defendants" (ECF Nos. 37, 38) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Enlargement of Time" (ECF No. 40) is **DENIED.**

**DATED** this 16th day of November, 2012.

_____
Gloria M. Navarro
United States District Judge