UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT FREDERICK, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-00522-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Motion for Default Judgment (ECF No. 29) filed by *pro se* Plaintiff Robert Frederick ("Plaintiff") against Defendants Federal National Mortgage Association ("Fannie Mae"), Aurora Loan Services, LLC ("Aurora"), Cal-Western Reconveyance Corp. ("Cal-Western"), and Centex Mortgage Services ("Centex"). Defendants Fannie Mae and Aurora have filed a Motion to Set Aside Clerk's Entry of Default. (ECF No. 31.) Also before the Court is a Motion to Extend Dispositive Motion Deadline filed by Defendants Fannie Mae, Aurora, Merscorp, Inc. ("Merscorp"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). (ECF No. 53.)

**I.     BACKGROUND**

Plaintiff originally filed suit in state court against entity Defendants Fannie Mae, Aurora, MERS, Merscorp, Cal-Western, Centex, and individual Defendant Shalom Rubanowitz relating to the foreclosure of his home located at 5713 Earthsong Court, No. Las Vegas, NV 89081. (ECF No. 1.) The action was removed to this Court by Defendants MERS and Merscorp on April 7, 2011.[1] (ECF No. 1.)

---

[1] Because no proof of service appears to have been filed by Plaintiff, it is unclear whether any defendant was properly served with the original Summons and Complaint.

On June 13, 2011, Defendants Fannie Mae and Aurora filed a Motion to Dismiss Plaintiff's original Complaint. (ECF No. 8.)  The Court granted the motion, dismissing Plaintiff's Complaint as to all defendants, and gave Plaintiff leave to amend his complaint by August 3, 2012. (ECF Nos. 17, 18, 22.)

Plaintiff filed his Amended Complaint on August 3, 2012, and it was entered in the Court's docket, with a Notice of Electronic Filing ("NEF") electronically mailed to the following email addresses affiliated with legal counsel for Defendants Fannie Mae, Aurora, MERS, and Merscorp:

>Gregg A. Hubley at ghubley@piteduncan.com,

>Jay E Smith at jes@slwlaw.com,

>Joseph T. Prete at jtp@slwlaw.com,

>Katie M. Weber at kw@slwlaw.com,

and to the following unnamed email addresses affiliated with the same legal counsel:

>nschlanderer@piteduncan.com,

>jlr@slwlaw.com,

>kw@slwlaw.com,

>jlm@slwlaw.com.

(ECF No. 23.)  Attached to the end of his Amended Complaint, Plaintiff included a purported "Certificate of Service" stating that the Amended Complaint was personally served via United States Mail "and/or by personal hand delivery" to mailing addresses for counsel Gregg Hubley and Joseph Prete, for entity defendants Fannie Mae, Aurora, Merscorp, MERS, Cal-Western, Centex, and for individual defendant Shalom Rubanowitz.[2] (ECF No. 23.)  Although Defendants MERS and Merscorp filed an Answer (ECF No. 25) on August 20, 2013, no other defendant

---

[2] On January 17, 2013, the Court entered an Order of Dismissal as to Defendant Shalom Rubanowitz pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 48.)

1 responded to the Amended Complaint.

2      On September 26, 2012, Plaintiff filed a Motion for Entry of Clerk's Default (ECF No.
3 26) as to Defendants Fannie Mae, Aurora, Cal-Western, and Centex, with copies of what appear
4 to be certified mail receipts addressed to attorney Gregg Hubley, on behalf of Defendants Fannie
5 Mae, Aurora, Cal-Western, and Centex.  The next day a Clerk's Entry of Default was entered
6 against Defendants Fannie Mae, Aurora, Cal-Western, and Centex. (ECF No. 28.)  Plaintiff filed
7 a Motion for Default Judgment as to Defendants Fannie Mae, Aurora, Cal-Western, and Centex
8 on October 1, 2012. (ECF No. 29.)  Defendants Fannie Mae and Aurora responded on October
9 2, 2012, by filing a Motion to Set Aside Clerk's Entry of Default. (ECF No. 31.)  Subsequently,
10 Defendants Fannie Mae, Aurora, MERS, and Merscorp filed a Motion to Extend Dispositive
11 Motion Deadline. (ECF No. 53.)

12      In this action, Defendants Fannie Mae and Aurora have been represented solely by the
13 law firm Pite Duncan, LLP, including attorney Gregg A. Hubley, Nevada Bar #7386, who is
14 registered in CM/ECF[3] as the lead attorney to be noticed.  However, in the documents filed
15 before the Court, attorney Laurel Handley, Nevada Bar #9576, and attorney Christopher A.J.
16 Swift, Nevada Bar #11291, also affiliated with Pite Duncan, LLP, have also been listed as
17 attorneys representing Defendants Fannie Mae and Aurora, but neither of these attorneys is
18 registered in CM/ECF for this action.[4] (*See, e.g.*, Mot. to Dismiss, 1:1-8, ECF No. 8; Mot. Set
19 Aside Def., 1:1-5, ECF No. 31.)  Defendants Cal-Western and Centex have not entered an
20 appearance, and there is no indication in the court record that any of the named legal counsel for

---

[3] The "Case Management/Electronic Case Filing System" ("CM/ECF") was established in 2005 for the United States District Court for the District of Nevada "for the purpose of the filing, signing and verification of documents by electronic means." *See* "Authorization for Conversion to Case Management/Electronic Case Filing (CM/ECF)," Special Order 109 (D. Nev. Sept. 27, 2005), *available at* http://www.nvd.uscourts.gov/SpecialOrders.aspx

[4] On February 27, 2013, a Substitution of Counsel was filed by Defendants MERS and Merscorp, substituting Christopher A.J. Swift as counsel of record in place and stead of Kent F. Larsen and Katie M. Weber, of the law firm Smith Larsen & Wixom. (ECF No. 50.)

this action represent Defendants Cal-Western and Centex.

## II.    LEGAL STANDARD

A Clerk's Entry of Default is governed by Rule 55 of the Federal Rules of Civil Procedure, which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

Under Rule 55, a court *may* set aside an entry of default for good cause. Fed. R. Civ. P. 55(c) (emphasis added). In the Ninth Circuit, to determine "good cause," courts must first consider whether any of the following factors is true: (1) the moving party engaged in culpable conduct that led to the default; (2) the moving party had no meritorious defense; or (3) setting aside the entry of default would prejudice the opposing party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* However, "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)).

## III.    MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Here, although the Court finds that Defendants Fannie Mae and Aurora engaged in culpable conduct that led to the default, the Court nevertheless finds that good cause exists to set aside the default, and will grant the Motion to Set Aside Clerk's Entry of Default (ECF No. 31).

### A.    Culpable Conduct

As discussed below, the Court finds that the failure of Defendants Fannie Mae and Aurora to file a timely responsive pleading or to otherwise defend against Plaintiff's Amended Complaint appears to be an intentional failure based upon erroneous legal conclusions,

qualifying as culpable conduct that led to the default.

Conduct is culpable if a moving party has received actual or constructive notice of the filing of the action and intentionally failed to answer. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092. "When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id.* at 1093.

Under the Federal Rules of Civil Procedure, a defendant must serve an answer within twenty-one days after being served with the summons and complaint, unless another time is specified by the rule or by federal statute, or defendant has timely waived service. Fed. R. Civ. P. 12(a)(1)(A). Defendants Fannie Mae and Aurora do not dispute that they failed to timely serve an answer to Plaintiff's Amended Complaint.

Instead, Defendants Fannie Mae and Aurora argue that Plaintiff never properly served his Amended Complaint upon them, and that their failure to serve a timely answer was therefore "inadvertent" because they "did not believe they needed to prepare and file any responsive pleading." (Mot. to Set Aside Def., 6:12-19, 7:1-3, ECF No. 31.) They explain that had they "known this Court would enter default upon Plaintiff's wrongful request, they would have prepared and filed a responsive pleading." (*Id.* at 7:3-4.)

However, as discussed below, the Court finds that Plaintiff's request for entry of clerk's default was not wrongful as to Defendants Fannie Mae and Aurora, and that Plaintiff properly served his Amended Complaint in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the District of Nevada.

In the United States District Court for the District of Nevada, "[d]ocuments may be served by electronic means to the extent and in the manner authorized by further Special Order of the Court." D. Nev. R. II. 5-4. In 2005, the District of Nevada implemented Special Order 109, providing for Electronic Filing Procedures. *See* "Authorization for Conversion to Case

Management/Electronic Case Filing (CM/ECF)," Special Order 109 (D. Nev. Sept. 27, 2005), *available at* http://www.nvd.uscourts.gov/SpecialOrders.aspx. Effective November 7, 2005, and as revised on August 24, 2006, the Electronic Filing Procedures require that "[a]ttorneys who are admitted to the bar of this court, admitted to participate in a case pro hac vice, or who are authorized to represent the United States and its agencies, shall register as Filing Users of the System." *Id.* at I.B.

Significantly, "[r]egistration as a Filing User constitutes consent to receive service through the Electronic Filing System." *Id.* at IV.A. A list of exceptions requiring service in paper form is provided. *Id.* However, an amended pleading such as Plaintiff's Amended Complaint is not included in this list.

Under the Local Rules of Civil Practice,

> Transmission of the Notice of Electronic Filing (NEF) constitutes service of the filed document upon each party in the case who is registered as an electronic case filing user with the Clerk. Any other party or parties shall be served documents according to these Local Rules and the Federal Rules of Civil Procedure.

D. Nev. R. II. 5-4. Here, counsel for Defendants Fannie Mae and Aurora, Gregg Hubley, was registered as an electronic case filing user with the Clerk as of the date that Plaintiff's Amended Complaint was filed, and the NEF record shows that it was distributed to his email address and one other email address from his law firm.

Therefore, here, the Court finds that the transmission of the NEF for Plaintiff's Amended Complaint to the email address of attorney Gregg Hubley, as counsel for Defendants Fannie Mae and Aurora, constitutes adequate service, as described by the Local Rules. Defendants Fannie Mae and Aurora cannot and do not appear to deny actual and constructive notice of Plaintiff's Amended Complaint. Furthermore, the Court finds that Defendants Fannie Mae and Aurora, as well as their legal counsel, qualify as "legally sophisticated" parties, for whom an

understanding of the consequences of their actions may be assumed, and with it, intentionality.[5] Therefore, where Defendants Fannie Mae and Aurora received actual and constructive notice of the filing of Plaintiff's Amended Complaint and intentionally failed to answer, the Court must find that their conduct was culpable, leading to the default.

### B. Meritorious defense

Notwithstanding the Court's finding of culpability, the Court also finds that Defendants Fannie Mae and Aurora appear to have meritorious defenses to Plaintiff's claims in the Amended Complaint. First, the Court recognizes that in the Amended Complaint, Plaintiff appears to have failed to make the curative amendments permitted by the Court in its May 14, 2012, Order. (*See* ECF Nos.18, 23.) Also, because a new motion to dismiss Plaintiff's Amended Complaint would appear to be successful based on the same grounds as the prior Motion to Dismiss (ECF No. 8), the Court cannot find that Defendants Fannie Mae and Aurora have no meritorious defense as to the merits of Plaintiff's claims in the Amended Complaint.

### C. Prejudice

Finally, the Court finds that Plaintiff would not be prejudiced by setting aside the default. "'To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1095 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)).

Here, the Court finds that setting aside the default would not result in any greater harm than simply delaying resolution of the case. The Court finds that setting aside the default judgment in no way hinders Plaintiff's ability to pursue his claim and to be heard on the merits.

Based on the findings above, the Court finds that although it may refuse to set aside the

---

[5] Here, the Court reminds counsel of the serious obligations under Rule 11 of the Federal Rules of Civil Procedure, and the attendant consequences for violations of this rule. *See* Fed. R. Civ. P. 11.

Clerk's Entry of Default, based on the culpable conduct of Defendants Fannie Mae and Aurora, the Court declines to do so.  The Court finds that here, where Plaintiff would not be prejudiced, and Defendants appear to have clearly meritorious defenses to Plaintiff's claims in the Amended Complaint, the "extreme circumstances" justifying the "drastic step" of judgment by default are not present, and this case should therefore be decided on its merits.  Accordingly, the Court will grant the Motion to Set Aside (ECF No. 31) as to Defendants Fannie Mae and Aurora.

### IV.     MOTION FOR DEFAULT JUDGMENT

Because the Court will grant the Motion to Set Aside (ECF No. 31), Plaintiff's Motion for Default Judgment is consequently rendered moot as to Defendants Fannie Mae and Aurora.  Therefore, the Court considers the merits of Plaintiff's Motion for Default Judgment as to Defendants Cal-Western and Centex only.

In his Motion for Entry of Clerk's Default (ECF No. 26), Plaintiff's sole proof of service was copies of certified mail receipts addressed to attorney Gregg Hubley.  However, there is no indication in the docket or otherwise that service is proper as to Defendants Cal-Western and Centex, when served upon Gregg Hubley, either by certified U.S. Mail, or by filing in CM/ECF.  Plaintiff provides no other basis for the Court to find that service was proper as to Defendants Cal-Western and Centex, and the Court finds none.  Accordingly, the Court must find that the affidavit submitted by Plaintiff in his Motion for Entry of Clerk's Default (ECF No. 26) was insufficient to show a failure on the part of Defendants Cal-Western and Centex pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Because the Court finds no other basis to conclude that Defendants Cal-Western and Centex were properly served, the Court must deny Plaintiff's Motion for Default Judgment (ECF No. 29) and also finds good cause to set aside the Clerk's Entry of Default (ECF No. 27) as to Defendants Cal-Western and Centex.  Furthermore, the Court will order the Clerk to enter a "Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil

Procedure" as to Defendants Cal-Western and Centex.

**V.     MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE**

Finally, the Court finds good cause to extend the dispositive motion deadline. *See* Fed. R. Civ. P. 16(b)(4); D. Nev. R. II 6-1; D. Nev. R. II 26-4. Defendants MERS and Merscorp faced no procedural bar to filing a timely dispositive motion, and failed to do so. However, the Court finds that the Clerk's Entry of Default against Defendants Fannie Mae and Aurora made the filing of a dispositive motion by the March 20, 2013 deadline procedurally difficult for these defendants. Although Defendants MERS and Merscorp provide no basis for the Court to extend the dispositive motions deadline as to them, the Court recognizes that Defendants MERS, Merscorp, Fannie Mae, and Aurora are now represented by the same counsel. Therefore, the Court finds that an extension of the dispositive motion deadline may reasonably apply to these four defendants, to the extent that any dispositive motions filed by Defendants Fannie Mae and Aurora may also be filed on behalf of Defendants MERS and Merscorp, as well. Accordingly, the Court will grant the Motion to Extend Dispositive Motion Deadline (ECF No. 53).

**VI.    CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Set Aside Clerk's Entry of Default (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Extend Dispositive Motion Deadline (ECF No. 53) is **GRANTED.** Defendants Aurora Loan Servicing, LLC, Federal National Mortgage Association, Merscorp, Inc., and Mortgage Electronic Registration Systems, Inc., shall have until **July 16, 2013** to file dispositive motions.

**IT IS FURTHER ORDERED** that the Clerk shall enter a "Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure" as to Defendants Cal

Western Reconveyance Corp., and Centex Mortgage Services.

**DATED** this 11th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge