1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4       Robert A. Frederick,                        )
                                                    )
5                     Plaintiff,                     )        Case No.: 2:11-cv-00522-GMN-CWH
            vs.                                      )
6                                                    )              **ORDER**
        Federal National Mortgage Association; Cal-  )
7       Western Reconveyance Corp.; Aurora Loan      )
        Servicing, LLC; Centex Mortgage Services;    )
8       MERSCORP, Inc.; and Mortgage Electronic      )
        Registration Systems, Inc.,                  )
9                                                    )
10                    Defendants.                    )
                                                    )
11      _____

12              Pending before the Court is the Motion to Dismiss (ECF No. 60) filed by Defendants

13      Federal National Mortgage Association ("Fannie Mae"), Aurora Loan Servicing ("Aurora"),

14      MERSCORP, Inc. ("Merscorp"), and Mortgage Electronic Registration Systems, Inc.

15      ("MERS") (collectively, "Defendants").[1]

16      **I. BACKGROUND**

17              Plaintiff originally filed suit in state court relating to the foreclosure of his home located

18      at 5713 Earthsong Street, Las Vegas, NV, 89081. (ECF No. 1.)  The action was removed to this

19      Court by Defendants MERS and Merscorp in April 2011. (*Id.*)

20              In June 2011, the Court granted the Motion to Dismiss (ECF No. 17) filed by

21      Defendants Fannie Mae and Aurora, dismissing Plaintiff's claims as to all defendants and

22      granting Plaintiff leave to file an amended complaint. (ECF No. 18.)  Plaintiff filed his

23      Amended Complaint in August 2012. (ECF No. 23.)

24      _____

25      [1] On July 16, 2013, the Court dismissed the action as to Cal-Western Reconveyance Corp. and Centex Mortgage
        Services. (Order, July 16, 2013, ECF No. 58.)

Although Defendants MERS and Merscorp filed an Answer (ECF No. 25) on August 20, 2012, no other defendant responded to the Amended Complaint.  In the Answer filed by MERS and Merscorp, the first affirmative defense listed states that "[t]he Complaint fails to state a claim upon which relief can be granted." (Answer, 10:¶1, ECF No. 25.)

Plaintiff then sought and obtained a Clerk's Entry of Default against Defendants Fannie Mae, Aurora, Cal-Western, and Centex for failure to answer. (ECF No. 28.)  Defendants Fannie Mae and Aurora responded with a Motion to Set Aside Clerk's Entry of Default. (ECF No. 31.)

In June 2013, the Court granted the motion, setting aside the Clerk's Entry of Default as to all defendants, along with a finding that Defendants Cal-Western and Centex were not properly served. (Order, June 11, 2013, ECF No. 54.)  Recognizing that Defendants Fannie Mae, Aurora, MERS and Merscorp would be represented by the same counsel going forward, the Court extended the dispositive motions deadline as to all four defendants. (*Id.*)

Defendants filed a timely Motion to Dismiss (ECF No. 60), which is now before the Court.  In the motion, Defendants state that MERS and Merscorp "request that this Court grant them leave to amend the previously-filed Answer and submit the instant Motion to Dismiss Plaintiff's First Amended Complaint pursuant to FRCP 15(a)." (*Id.* at 2:2-4.)

On August 7, 2013, after the expiration of the response deadline, Plaintiff filed a document styled "Notice to the Court," purporting to notify the Court of an agreement between himself and opposing counsel that "they will not object to any delays that I may request," and that he "is requesting that all matters in this case be stayed until the end of September 2013!" (ECF No. 63.)  Defendants responded with acknowledgment of a phone conversation discussing a continuance, but denied consent to a lengthy extension of the deadline, as requested by Plaintiff. (ECF No. 64.)  Defendants also correctly pointed out Plaintiff's failure to request an extension in compliance with the local rules of this Court. (*Id.*)

On October 18, 2013, Plaintiff filed a Motion to Strike that appears to request denial of

1   Defendants' request for leave to amend the Answer previously filed by Defendants MERS and

2   Merscorp. (ECF No. 66.)  Alternatively, Plaintiff requests an extension of time to respond to

3   Defendants' motion. (*Id*.)

4   **II. DISCUSSION**

5       As discussed below, the Court finds multiple grounds for dismissing Plaintiff's claims,

6   and will discuss each one in turn.

7       **A. Rule 12(b)(6) Dismissal**

8       Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

9   which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

10  555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

11  which it rests, and although a court must take all factual allegations as true, legal conclusions

12  couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

13  12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

14  of a cause of action will not do." *Id*.

15      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

16  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

17  U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility

18  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

19  that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a

20  sheer possibility that a defendant has acted unlawfully." *Id*.

21      Even without consideration of Defendants' Motion to Dismiss (ECF No. 60), the Court

22  finds that Plaintiff's claims in his Amended Complaint (ECF No. 23) should be dismissed as

23  against all Defendants for failure to state a legally cognizable claim and the grounds upon

24  which it rests.  As the Court noted in its June 2013 Order (ECF No. 54), Plaintiff's Amended

25  Complaint (ECF No. 23) fails to make the curative amendments described by the Court in its

1    May 2012 Order (ECF Nos. 18, 23), and is therefore subject to dismissal on the same grounds

2    as in the prior Motion to Dismiss (ECF No. 8) filed before the Court.

3           Therefore, *a fortiori*, the instant Motion to Dismiss (ECF No. 60) filed by Defendants

4    should be granted on this basis alone.

5           If the court grants a motion to dismiss for failure to state a claim, leave to amend should

6    be granted unless it is clear that the deficiencies of the complaint cannot be cured by

7    amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

8    to Rule 15(a) of the Federal Rules of Civil Procedure, the court should "freely" give leave to

9    amend a pleading "when justice so requires," and in the absence of a reason such as "undue

10   delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

11   deficiencies by amendments previously allowed, undue prejudice to the opposing party by

12   virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371

13   U.S. 178, 182 (1962).

14          Here, the Court finds that leave to amend is not justified because Plaintiff has shown

15   undue delay in prosecuting this action and responding to motions and orders of the Court, and

16   has shown repeated failure to cure deficiencies in his claims by amendments previously

17   allowed.  Also, the Court finds that any amendment is futile because it is clear that there is no

18   possibility that Plaintiff can cure the deficiencies in his claims with further amendment.

19   Therefore, dismissal with prejudice is appropriate.

20          **B. Failure to Oppose**

21          The Court finds additional grounds supporting dismissal of Plaintiff's claims, because of

22   Plaintiff's failure to oppose Defendants' motion to dismiss under Rule 12(b)(6).

23          In the District of Nevada, "[t]he failure of an opposing party to file points and authorities

24   in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R.

25   II.7-2(d).  "Failure to follow a district court's local rules is a proper ground for dismissal."

1    *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  However, before dismissing a case for

2    failing to follow local rules or for failure to prosecute, the district court must weigh five factors:

3    "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage

4    its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic

5    sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*

6    *v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Under this test, "the public's interest in

7    expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*,

8    191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest.

9          Here, Plaintiff's Amended Complaint (ECF No. 23) was filed in August 2012, the Court

10   gave Plaintiff notice that he had failed to cure the deficiencies in his pleadings in its June 2013

11   Order (ECF No. 54), and Defendants' motion (ECF No. 60) has been pending since July 2013.

12         First, Plaintiff's Motion to Strike (ECF No. 60) was not only untimely filed, but it also

13   fails to presents grounds for striking the Motion to Dismiss (ECF No. 60) or the specific request

14   of MERS and Merscorp for leave to amend included in the motion.  Plaintiff relies on Rule

15   15(a) of the Federal Rules of Civil Procedure to argue that Defendants MERS and Mercorp

16   present no good cause for leave to amend, but the Court finds no merit in these arguments,

17   particularly where the Court specifically extended the motions deadline for Defendants in its

18   June 2013 Order (ECF No. 54).  The Court finds further that Defendants MERS and Mercorp

19   likely do not require any amendment of their Answer in order to assert a Rule 12(b)(6) defense,

20   because it was already asserted in their Answer (10:¶1, ECF No. 25), was therefore not waived,

21   and the Court may construe their motion as brought under Rule 12(c) for judgment on the

22   pleadings. *See* Fed. R. Civ. P. 12(h)(2).  For these reasons, the Court finds no basis to grant

23   Plaintiff's Motion to Strike (ECF No. 60) on the merits; and the Court also finds that denial is

24   warranted under Local Rule II.7-2 because Plaintiff has failed to oppose or even respond to

25   Defendants' Response (ECF No. 68) to his Motion to Strike. *See* D. Nev. R. II.7-2(c).

Second, Plaintiff has failed to file points and authorities in response to Defendants' motion requesting dismissal for failure to state a claim under Rule 12(b)(6), and his Notice (ECF No. 63) in no way satisfies the requirements for requesting an extension of time under Local Rule II.6-1[2]. Even if the Court were inclined to treat Plaintiff's motion as a stipulation, the request for extension fails to satisfy the requirements for stipulations under Local Rule II.7-1. Therefore, the Court finds no support for granting Plaintiff's requested extension, regardless of whether it is analyzed as a motion requesting an extension, or as a stipulation to extend the response deadline.

Instead, the Court finds that each factor the court must weigh before dismissing a case for failing to follow local rules favors dismissal here. The public policy favoring disposition of cases on their merits is satisfied by the Court's determination that Plaintiff has now submitted two pleadings that fail to state a legally cognizable claim and the grounds on which it rests, while this case has been pending for more than two years. The public's interest in expeditious resolution of litigation favors dismissal here, particularly where there appear to be no legally cognizable claims after such a lengthy case history. The Court's need to manage its docket weighs in favor of resolving this action, which has consisted primarily of non-dispositive motion practice and unreasonable delays. The risk of prejudice to Defendants weighs in favor of dismissal because Defendants themselves have asked for dismissal. And finally, the Court

---

[2] This rule provides:

(a) Every motion requesting a continuance, extension of time, or order shortening time shall be "Filed" by the Clerk and processed as an expedited matter. *Ex parte* motions and stipulations shall be governed by LR 6-2.

(b) Every motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons for the extension requested. A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect. Immediately below the title of such motion or stipulation there shall also be included a statement indicating whether it is the first, second, third, etc., requested extension, i.e.:

STIPULATION FOR EXTENSION OF TIME TO FILE MOTIONS
(First Request)

(c) The Court may set aside any extension obtained in contravention of this Rule.

(d) A stipulation or motion seeking to extend the time to file an opposition or final reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the motion.

finds that dismissal is the least drastic sanction available here where, as discussed above, there appears to be no possibility that Plaintiff may be able to cure the deficiencies in his claims in order to state a legally cognizable claim that might result in disposition on the merits.

Therefore, even if the Court did not find that dismissal of Plaintiff's Amended Complaint is warranted for failure to state a claim upon which relief can be granted, the Court finds ample basis for dismissal because of Plaintiff's failure to oppose Defendants' arguments based upon Rule 12(b)(6).

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Strike (ECF No. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 60) is **GRANTED**.  Plaintiff's claims are dismissed with prejudice as against all Defendants.  The Clerk shall enter judgment accordingly, and this case shall be closed.


**DATED** this 31st day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court